UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

---------------------------------------------------x   Chapter 11
In re:                                              :
                                                    :   Case No. 18-71145-BHL-11
Buehler, Inc., *et al.*[1]                          :
                                                    :   (Joint Administration Pending)
                    Debtors.                        :
---------------------------------------------------x   Honorable Basil H. Lorch III

**FIRST-DAY MOTION OF THE DEBTORS
AND DEBTORS IN POSSESSION FOR ENTRY OF AN ORDER TO
TRANSFER VENUE TO THE NEW ALBANY DIVISION OF THE UNITED
STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF INDIANA**

Buehler, Inc. and Buehler, LLC (together, the "Debtors"), the debtors and debtors in possession in the above-captioned chapter 11 cases, by and through their undersigned counsel, hereby move (the "Motion") to transfer venue of their Chapter 11 Cases (defined below) from the Evansville Division to the New Albany Division of the United States Bankruptcy Court for the Southern District of Indiana (the "Bankruptcy Court"). In support of the Motion, the Debtors rely upon and incorporate by reference the *Declaration of David Buehler In Support of Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration") [Docket No. 2]. In further support of the Motion, the Debtors respectfully represent as follows:

**Jurisdiction and Venue**

1. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

---

[1] The last four digits of Buehler, Inc.'s and Buehler, LLC's taxpayer identification numbers are (6060) and (0204), respectively. The Debtors' mailing address is 307 Newton Street, Jasper, IN 47546.

## Background

2.  On October 17, 2018 (the "Petition Date"), both of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Southern District of Indiana (the "Bankruptcy Court"). The Debtors continue to manage and operate their business as debtors in possession under sections 1107 and 1108 of the Bankruptcy Code. To date, the Office of the United States Trustee (the "U.S. Trustee") has not appointed an official committee of unsecured creditors in this chapter 11 bankruptcy case (the "Chapter 11 Cases"). No trustee or examiner has been appointed in the Chapter 11 Cases.

3.  The Debtors are Indiana companies with their principal place of business in Jasper, Indiana, which is within the jurisdiction of the Bankruptcy Court's Evansville Division. The Debtors operate a chain of 15 grocery stores located in Indiana, Kentucky and Illinois. No single county contains all of the Debtors' principal assets, however, the plurality of the Debtors' stores are in the Southern Indiana counties under the jurisdiction of the Bankruptcy Court's New Albany Division or are closely situated and located in Louisville, KY, which is just across the Ohio River from New Albany, IN.

4.  As set forth in the First Day Declaration, the Debtors are in an extremely competitive industry and their pre-Petition Date efforts to restructure have been unsuccessful. Indeed, the Debtors' ultimate equity owner loaned the Debtors hundreds of thousands of dollars in unsecured notes in 2018 alone, but the Debtors still faced an immediate liquidity crisis that necessitated the commencement of the Chapter 11 Cases. The Debtors intend to use the remedies available to them under the Bankruptcy Code to close certain unprofitable stores, reject burdensome executory contracts, reduce their trade debt, and reorganize around their high-performing stores with the support of the Debtors' key creditor constituencies.

19671000.1

**ARGUMENT**

5.     The Southern District of Indiana lacks any local rules governing divisional venue. *Deputy v. City of Seymour*, No. 1:13-cv-412-JMS-DKL, 2013 WL 2474235 at *2 (S.D. Ind. June 7, 2013). Accordingly, in considering whether to transfer venue between its divisions the Bankruptcy Court has looked to 28 U.S.C. § 1412. *In re Hugh Branden Ross Beath*, Case No. 16-80457-JJG-7 [Docket No. 14] (Bankr. S.D. Ind. July 29, 2016) (unreported). 28 U.S.C. § 1412 provides that a court may transfer a case under title 11 from district to another: (1) in the interests of justice or (2) for the convenience of the parties. Although the statute refers only to inter-district transfers as well. *In re Adkins Supply, Inc.*, Case No. 11-10353-RLJ-7, Adversary No. 14-01000, 2015 WL 1498856 at *2 (Bankr. N.D. Tex. Mar. 27, 2017). The venue in which the case is filed is presumed proper, and the movant bears the burden of proof by a preponderance of the evidence. *In re Peachtree Lane Assocs., Ltd.*, 150 F.3d 788, 792 (7th Cir. 1999).

6.     Here, the transfer of venue to the New Albany Division is merited because it is in the interests of justice and is more convenient for the parties. As regards the interests of justice, although the Debtors' principal place of business is in Jasper, IN and the Evansville Division, most of the Debtors' stores and key creditor constituencies – like local vendors and employees are located in the New Albany Division or just across the Ohio River in Louisville, KY. Further, the transfer of venue will dramatically reduce travel time associated with the case because the Debtors' bankruptcy counsel resides in Louisville, KY. Therefore transferring venue will serve the interests of justice by decreasing administrative expense costs.

7.     Transfer will also simply be more convenient for the parties. Two of the Debtors' primary creditors, Moran Foods, LLC and Associated Wholesale Grocers, Inc., have already retained outside counsel in Boston, MA and Kansas City, MO, respectively. Louisville, KY has

more commercial air service and hotels to accommodate outside counsel than does Evansville, IN.

8.  Finally, this is not an effort to forum shop, as the Chapter 11 Cases will be presided over by the same judge regardless of whether they proceed in the Evansville or New Albany Divisions.

## Notice

9.  Notice of this Motion shall be provided to: (i) the U.S. Trustee; (ii) the Debtor's twenty largest creditors; (iii) the secured creditors; and (vi) all other parties on the "Service List" required to receive notice of a first day pleading under Local Rules B-1000-1(b)(4) and B-9013-3(d).  Because of the exigencies of the circumstances and the irreparable harm to the Debtors that will ensue if the relief requested is not granted, the Debtors submit that no other notice need be given.

For all of the foregoing reasons, the Court should grant the motion and transfer the venue of the Chapter 11 Cases to the New Albany Division.

Dated:  October 17, 2018　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　*/s/ James R. Irving*
　　　　　　　　　　　　　　　　　　　　James R. Irving
　　　　　　　　　　　　　　　　　　　　April A. Wimberg
　　　　　　　　　　　　　　　　　　　　Christopher B. Madden
　　　　　　　　　　　　　　　　　　　　BINGHAM GREENEBAUM DOLL LLP
　　　　　　　　　　　　　　　　　　　　3500 PNC Tower
　　　　　　　　　　　　　　　　　　　　101 South Fifth Street
　　　　　　　　　　　　　　　　　　　　Louisville, Kentucky 40202
　　　　　　　　　　　　　　　　　　　　Telephone:    (502) 589-4200
　　　　　　　　　　　　　　　　　　　　Facsimile:     (502) 587-3695
　　　　　　　　　　　　　　　　　　　　E-mail:         jirving@bgdlegal.com
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　awimberg@bgdlegal.com
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　cmadden@bgdlegal.com

　　　　　　　　　　　　　　　　　　　　*Proposed counsel for the Debtors, Buehler, Inc. and Buehler, LLC*

4

## **CERTIFICATE OF SERVICE**

      I certify that on October 17, 2018, the Motion was served electronically through the Court's ECF system to all persons receiving electronic notifications in the Chapter 11 Cases. Also on October 17, 2018, a copy of the Motion was sent via overnight delivery to the Office of the United States Trustee, Old National Bank, Moran Foods, LLC, Associated Wholesale Grocers, Inc., and the Debtor's twenty largest unsecured creditors, each at the addresses set forth below:

| | |
|---|---|
| Buehler, LLC<br>307 Newton St.<br>Jasper, IN 47546 | Office of the United States Trustee<br>101 W. Ohio, Suite 1000<br>Indianapolis, IN 46204 |
| Kamin Realty Company<br>P.O. Box 10234<br>490 S. Highland Ave.<br>Pittsburgh, PA 15232 | A2 Advertising<br>161 Saundersville Rd., Suite 150<br>Hendersonville, TN 37075 |
| Armour-Eckrich Meats LLC<br>2616 Collection Center Dr.<br>Chicago, IL 60693 | C & C Custom Cleaning<br>P.O. Box 583<br>Hawesville, KY 42348 |
| Coca Cola Bottling Co.<br>P.O. Box 602937<br>Charlotte, NC 28260 | Cosner's Ice Co.<br>2404 U. Street<br>Bedford, IN 47421 |
| Derby City Distribution<br>4420 Kiln Ct.<br>Louisville, KY 40218 | Duke Energy<br>1000 E. Main St., Mail Drop WP 890<br>Plainfield, MI 46168 |
| Flowers Bake Co. of Bardstown<br>P.O. Box 847871<br>Dallas, TX 75284 | Frito-Lay, Inc.<br>P.O. Box 643104<br>Pittsburgh, PA 15264 |
| Indianapolis Fruit Co.<br>4501 Massachusetts Ave.<br>Indianapolis, IN 46218 | 7UP Bottling Company<br>P.O. Box 504547<br>St. Louis, MO 63150 |
| Lipari<br>P.O. Box 718<br>Warren, MI 48090 | McKee Foods Corporation<br>P.O. Box 750<br>Collegedale, TN 37315 |
| Pepsi Americas, Inc.<br>75 Remittance Dr., Suite 1884<br>Chicago, IL 60675 | Nestle USA, Inc.<br>383 Main Ave., 5th Floor<br>Norwalk, CT 06851 |
| Sherwood Food Distributors<br>12499 Evergreen Rd.<br>Detroit, MT 48228 | Thomas Refrigeration, Inc.<br>401 E. Charlestown Ave.<br>Jeffersonville, IN 47130 |
| Troyer Foods, Inc.<br>P.O. Box 608<br>Goshen, IN 46527 | Hadley Comm. Refrigeration<br>9075 Payton Rd.<br>Greenville, IN 47124 |
| Todd A. Feinsmith<br>Pepper Hamilton LLP<br>19th Floor, High Street Tower<br>125 High Street<br>Boston, MA 02110-2736<br>*Counsel to Moran Foods, LLC* | Mark T. Benedict<br>Husch Blackwell LLP<br>4801 Main Street, Suite 1000<br>Kansas City, MO 64112-2551<br>*Counsel to Associated Wholesale Grocers, Inc.* |
| Nick Cirignano<br>Zeimer, Stayman, Weitzel & Shoulders LLP<br>20 NW First Street, 9th Floor<br>Evansville, IN 47708<br>*Counsel to Old National Bank* | |

/s/ James R. Irving

7